Johnson, J.
The indictment under examination is based on Sections 6 and 22 of the act passed March 26, 1906, to fix the salaries of certain county officers. Section 6 provides:
“Each of the officers named herein, shall at the end of each quarter, pay into the county treasury *174 on the warrant of the county auditor, all fees, costs, penalties, per centages, allowances and perquisites of whatever kind collected by his office during said quarter, for his official services, which moneys shall be kept in separate funds by the county treasurer, and credited to the office from which the same has been returned.” -
The pertinent portion of Section 22 is as follows:
“Whoever, being an officer required, as aforesaid, to file a report and to pay in money to the county treasury, neglects to make such reports or to pay said money, as above directed, or willfully violates any of the provisions of this act, upon indictment, in the court of common pleas in the county, shall be adjudged guilty of misconduct in office, and fined for the use of the county, not more than two thousand dollars; and such conviction shall work an immediate forfeiture of h¿s office.”
The state contends that the words in Section 6, “at the end of each quarter,” mean the end of each quarter of three calendar months, while defendant insists that this expression refers to the term of office of the particular official, the beginning of which in this case, of the sheriff, is on the first Monday in January and not-the first day of January. Thus, the ends of the official quarters would be the first Monday in April, July, October and January.
The defendant also insists, that Section 6 is uncertain and' that Section 22 is unreasonable in so far as it prescribes penalties for neglect to perform the requirements of this uncertain Section 6.
The two sections, six and twenty-two, which are under consideration here, must be viewed in con *175 nection with the whole act of the general assembly of which they are part. The rule is familiar, but a restatement of it as made in State v. Rouch, 47 Ohio St., 478-485, may be of assistance here, viz: In giving “construction to a statute all its provisions must be construed together. We must endeavor to get at the legislative intent by a consideration of all that has been said in the law and not content ourselves with partial views, by selecting isolated passages and holding them alone up to criticism. What is the whole scheme of the law? What object did the legislature intend to accomplish ?”
The purpose of this law was to fix the salaries of certain county officers. It was passed March 22, 1906. Section 24 provides that the act shall take effect January 1, 1907. Section 3 provides that on November 20, 1906, each of the officers named shall prepare and file with the county commissioners a detailed statement of the probable amount necessary for employes “for the year ipo?” And further provides that on each November twentieth thereafter he shall file a like statement showing the requirements of his office “for the year beginning January 1st, thereafter.”
It is manifest from these provisions that the year referred to in the law is the calendar year “beginning January first.” Section 1, of the law, provides that all fees, costs, etc., collected or received by any such officer shall be received and collected for the sole use of the treasury of the county in which they are collected and shall be held as public moneys.
*176 Section 6 above quoted requires each officer at the end of each quarter to pay into the county treasury all fees, costs, etc., of whatever kind collected by his office during said quarter.
As the language of the act clearly indicates that the legislature intended that the year referred to in the different sections is the calendar year, it necessarily follows under the rule of construction above given that the “end of each quarter” referred to in Section 6 means the end of each quarter of three months after January 1st of each year.
Therefore, any such officer who neglects to pay such money to the county treasury, at the end of any such calendar quarter, is liable to the penalties provided in Section 22 of the act.
The indictment in this case was sufficient and the demurrer should have been overruled.
After the demurrer to the indictment in the above case had been sustained, another indictment was returned, which was in the same words as the former, except that in the body of the instrument the words “on the first Monday of April” were inserted. So that the new indictment read: “That Henry Van Gunten late of said county on the first day of April, 1908, etc., * * * did fail and neglect to pay into the county treasury of said county etc., on the first Monday of April, 1908,” etc.
The common pleas court also sustained a demurrer to this indictment and exceptions to that ruling are now prosecuted here.
As to the last indictment it is contended that the averments are inconsistent because of the difference in the days referred to.
*177 For the reasons already given this indictment was sufficient without the words “first Monday in April, 1908,” and in accordance with Section 13581, General Code, their presence does not invalidate that instrument.
The court should have overruled the; demurrer to that indictment.

Exceptions sustained.

Spear, C. J., Davis, Shauck, Price and Donahue, JJ., concur.